# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0979
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Kevin Duane Lockett Jr.,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Scott County,
The Honorable Tamra Roberts, Judge.

———————————

**AFFIRMED**

———————————

Martha J. Lucey, State Appellate Defender, and Allison Linafelter, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Kevin Duane Lockett Jr. appeals the district court's denial of his motion to suppress. He argues the district court erred when it denied his motion to suppress because it treated a confidential informant as an anonymous tipster. Upon our review, we affirm the denial of the motion to suppress.

## BACKGROUND FACTS AND PROCEEDINGS

In September 2024, the Davenport Police Department's narcotics unit received information from a "confidential source"[1] about a potential methamphetamine sale from an individual named "Q." The confidential source provided law enforcement with Q's phone number. Officers attempted to determine the identity of Q by searching the phone number in money transfer applications including Cash App. It was on Cash App where officers found Q was Kevin Lockett based on the account information associated with the phone number provided by the confidential source.

The confidential source then arranged for Lockett to bring four ounces of methamphetamine to Davenport. They agreed to meet in the parking lot of a Motel 6. Lockett's arrival was delayed because he was stopped by Illinois police while en route. Davenport police were able to obtain a photograph of Lockett from narcotics investigators in Illinois.

The confidential source informed officers Lockett would arrive at the Motel 6 in a maroon sedan accompanied by his sister. But, when he arrived, Lockett spotted police vehicles and initially left the parking lot, then returned

---

[1] Officers described the confidential source as an individual who was caught possessing methamphetamine and agreed to serve as an informant for law enforcement in lieu of being charged with possession of methamphetamine.

to the lot a short time later. Law enforcement arrived at the parking lot but was unable to locate the maroon car described by the confidential source, but they did come upon a blue Buick that had Illinois registration plates and an individual matching Lockett's description inside.

Law enforcement stopped the vehicle and ordered the occupants to exit. One officer smelled marijuana coming from inside the vehicle and located a green leafy substance later determined to be marijuana. The officers also located methamphetamine on the woman driving the vehicle.

The Scott County Attorney' Office charged Lockett with three counts: count I: possession of methamphetamine with intent to deliver in violation of Iowa Code section 124.401(1)(b)(7) (2024); count II: failure to affix a drug tax stamp in violation of Iowa Code section 453B.12; and count III: possession of marijuana in violation of Iowa Code section 124.401(5)(b). The State also gave notice of sentencing enhancements alleging Lockett was an habitual offender under Iowa Code sections 902.8 and 902.9(1)(c) and was previously convicted of controlled-substance offenses under Iowa Code section 124.411.

Lockett moved to suppress all evidence located by police during the stop of the vehicle. He challenged the authority of the police to conduct a warrantless search of the vehicle based on information obtained from the confidential source. The district court denied the motion to suppress finding officers had reasonable suspicion to stop the vehicle and developed probable cause to search it.

After the denial of his motion to suppress, Lockett withdrew his plea of not guilty and entered a conditional[2] guilty plea to the lesser-included offense of count I, a controlled substance violation in violation of section 124.401(1)(c)(6). The remaining counts were dismissed as part of the plea agreement. At sentencing, the district court imposed a term of incarceration not to exceed ten years but suspended the sentence in favor of probation. Lockett now appeals.

## STANDARD OF REVIEW

We review challenges to a district court's denial of a motion to suppress based on constitutional grounds de novo. *State v. Cyrus*, 997 N.W.2d 671, 676 (Iowa 2023). With de novo review, we examine the record and "independently evaluate the totality of the circumstances." *Id.* (citation omitted). Although we give deference to the district court's factual findings, particularly those involving witness credibility, we are not bound by them. *Id.*

## DISCUSSION

Lockett's sole argument on appeal is that the district court should have granted the motion to suppress because the confidential source was actually a confidential informant and the State failed to meet its burden to show the confidential informant was credible. But first, the State contests error preservation.

---

[2] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3). However, because this plea agreement was reached with the consent of the county attorney and reserved the issue for appeal, we have jurisdiction over this appeal. *See id.* § 814.6(3).

## I.  Error Preservation

The State argues the issue raised and decided in the district court is not the same issue raised in this appeal.  "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  While Lockett's motion to suppress raises the issue of whether law enforcement can conduct a search based on information from a "confidential informant," his motion also concedes, "To the extent the statement of the 'confidential source' may be considered, it should be treated [as] that of an anonymous tipster."  The district court appears to have accepted the invitation to treat the confidential source as an anonymous tipster and never ruled on whether the source was a confidential informant.  Further, neither party developed the question of the nature of the confidential source during the motion-to-suppress hearing.  While we have doubts that error is preserved on the issue raised by Lockett in this appeal, we opt to address the merits of Lockett's argument.

## II.  Merits

Lockett argues the evidence gathered from the stop and subsequent search of his car should have been suppressed because the confidential source's reliability was not proven.  And Lockett argues the confidential source was acting as a confidential informant.  Upon our review, we find the confidential source is best characterized as an anonymous tipster and the State provided sufficient indicia of reliability of the source.

Generally, concerned citizens who are tipsters to the police receive a presumption of reliability.  *State v. Weir*, 414 N.W.2d 327, 332 (Iowa 1987).  But "[c]ourts have generally applied higher standards of proof when weighing the reliability of tipsters who act for money, leniency or some other

selfish purpose than when considering the reliability of the citizen informer whose only motive is to help law officers in the suppression of crime." *Id.* at 331.

At the motion to suppress hearing, the investigating officer was asked how the investigation began and testified he "received information from a confidential source that an individual that goes by the moniker of 'Q' was selling various amounts of crystal methamphetamine and that Q would be . . . willing to bring said crystal methamphetamine down to Davenport from the area of Burlington." The record is insufficient to establish whether the confidential source was working for "money, leniency or some other selfish purpose." *See id.* So we conclude the confidential source is best characterized as an anonymous tipster based on the *Weir* test.

But the supreme court has held the State still must provide some information on the reliability of an anonymous tipster. In *State v. Kooima*, the supreme court reversed a district court decision denying a motion to suppress evidence because it found the police illegally seized the defendant because the police relied on an anonymous tip without the requisite indicia of reliability and reasonable suspicion did not support the investigatory stop. 833 N.W.2d 202, 210–11 (Iowa 2013). But as the district court noted, "This is no *Kooima*."

Here, the tipster's information had sufficient indicia of reliability and law enforcement developed reasonable suspicion to stop Lockett. The investigating officer was provided with a phone number from the confidential source, which the officer was able to independently verify belonged to

Lockett through a search of Cash App.[3]  The officer then learned from the confidential source that Lockett was pulled over in Galesburg, Illinois.  The officer reached out to the Galesburg Police Department, where they confirmed the information provided by the confidential source.  They also learned that Galesburg narcotics officers were aware of Lockett and provided a photograph of him to Davenport officers.

Once Lockett arrived at the motel, the confidential source provided information that Lockett would be driving a maroon sedan with Illinois plates, but law enforcement observed no such vehicle in the motel parking lot.  But officers observed a blue sedan with Illinois plates and the person in the vehicle appeared to be the person in the photograph provided by Galesburg police.

So, we conclude, unlike *Kooima*, "here, the anonymous tip was corroborated by the other facts known by officers."  *State v. Baker*, 925 N.W.2d 602, 613 (Iowa 2019).  And armed with all of this information from the confidential source, Cash App, and the Galesburg police, the Davenport police developed reasonable suspicion to conduct an investigatory stop of Lockett.  *See id.* at 611 ("Therefore, to justify an investigatory stop, an officer must have reasonable suspicion, backed by specific and articulable facts, to believe criminal activity is afoot."); *see also Terry v. Ohio*, 392 U.S. 1, 21–22 (1968).  Accordingly, we affirm the district court's denial of Lockett's motion to suppress.

**AFFIRMED.**

---

[3] The officer testified Cash App is an application on your phone that is used to transfer digital funds from one bank account to another.